# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No. 23-4027,  US v. Richard Grier
1:19-cr-00036-JKB-5

### 1. Declaration of Inmate Filing

An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:

- a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
- a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

---

**Declaration of Inmate Filing**

Date NOTICE OF APPEAL deposited in institution's mail system: **1-13-23**

I am an inmate confined in an institution and deposited my notice of appeal in the institution's internal mail system. First-class postage was prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Signature: *R. Grier*    Date: **MAR. 16th, 2023**

[*Note to inmate filers*: If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c)(1) or Fed. R. App. P. 25(a)(2)(A)(iii).]

---

### 2. Jurisdiction

Name of court or agency from which review is sought:
"The United States District Court For The District Of Maryland"

Date(s) of order or orders for which review is sought:
2-17-2023: Order to Relieve Counsel / 3-17-2023: INFORMAL Briefing "ORDER" was Due

### 3. Issues for Review

Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

★ **Issue 1.** THE COURT DID ABUSE IT(S) DISCRETION, WHEN IT DENIED APPELLANT(S) MOTION TO RECEIVE DISCOVERY FILES.

RECEIVED
2023 MAR 20 PM 02:21
U.S. COURT OF APPEALS
FOURTH CIRCUIT

On December 19, 2022, there was held an Initial Appearance on Appellant(s) behalf. At this hearing Appellant plead "NOT GUILTY". Also, was held an attorney inquiry and/or hearing on Counsel [Christopher J. Purpura] before an Magistrate Judge. Consequently, counsel was dismissed by the Judge, However, honoring the fact that Appellant wanted to represent him-self upholding his 6th Amend. Right to do so... He filed a Motion to Receive Discovery files, henceforth, Appellant was back in front of the same Judge on (January 6th, 2023). At the hearing the Judge [DENIED] said Motion. And further explained that his reason for denying the motion was "Appellant would have to work with C. Purpura if he wanted to see the files." [see sample brief] pg. 9-13

* Issue 2: THE COURT ERRED AND/OR COMMITTED MISCONDUCT, BY FORCING APPELLANT TO HAVE TO RELY ON THE COUNSEL, THE COURT DISMISSED ON DECEMBER 19th, 2022, IF HE WANTED TO REVIEW THE DESCOVERY.

• Supporting Facts and Argument. Moreover, the Magistrate Judge, on January 6th, 2023; ERRED and committed Misconduct. Without giving "NO" legal reasons, The Judge ① Denied Appellant's Motion, ② Ordered [C. Purpura] as a standby counsel and ③ Told Appellant "If you want to review the discovery before trial, you have to see them thru counsel because we don't allow any defenant's to have these Document(s)." So indeed, The Judge used a string of inconsistent statements and out right lies that finally entrapped the Appellant back with counsel... Stopping Appellant from ever requesting for the files again. [APPELLANT FORESAW AN UNFAIR TRIAL FORMIN] Because, this was unscrupulous, if the counsel had the discovery and was declared dismissed by the court. The Judge, should've issued an "ORDER" compelling the counsel to surrender the file(s) Not [DENIED] the motion, Because Appellant is now acting as his own counsel since "12-19-22" and would [NEEDED] the discovery in-order to prepare an Adequate defense. The court created a conflict of interest, by basically using dismissed counsel to control or play upon one's advantage. [ERRORED] By causing harm in a way that was gradual and not easily noticed. The Court committed Misconduct, especially to one's [CONSPIRACY] counsel's [JOB] was made obsolete on Dec. 19th, 2022, so in conclusion there was no legal reason for counsel to hold on to the file(s) [THAT WAS NOT HIS JOB.] The counsel was still negotiating plea deals behind the senees as if he was still on the case. ON 12-19-2022, he was dismissed, by January 3th 2022, he received a document. On January 6th 2023, he was back in court with the court ordering him as a standby counsel with a writing agreement in hand from the state; so counsel did not show up to assist the Appellant but the state. Moreover, Appellant "IF counsel Never showed up then the agreement would've never showed up, because it was not sent to the right person, Moreover, Appellant plead Not guilty. [I AM NOT "CCCH"] The Agreement is Actually "VOID" "NULL" [having no legal power.] Notwithstanding, P. Mclane, C. Purpura, and the Magistrate Judge, were engaged in a conspiracy to overthrow the Appellant. The Document that made the guilty plea relevant, was obtain through illegal activities "DE FACTO" they were exercising power as if legally constituted.

This was a completion of a strategic plan. Henceforth; it's now do it the MAGISTRATE JUDGE(S) way [go to trial with "C. PURPURA"], or take a plead [The VOID and NULL Agreement [Exhibit 8] of the Appellant's SAMPLE BRIEF: Filed in this court 2-15-2023; explain(s) in depth every issue that is being raised. The State(s) Document was with C. PURPURA an came into the court as an ultimatum [a final threat] "If Appellant did not plead guilty under pretense, then he would've been forced to go to trial with a counsel he did not want." [Conflict of Interest] Moreover, the Magistrate Judge on Jan. 6th, 2023 placed counsel as a stand by for Appellant(s) use for trial but the counsel appeared there assisting the state(s), playing Devil(s) Advocate. The court committed misconduct and errored for no real reason, just was beening evil. If Appellant wanted to go the whole (9) and go to trial by himself win, lose or draw... why secretly deprive Appellant of his right to act as his own counsel. The Magistrate Judge put Appellant at a disadvatage making him handicap, indiscreetly denying his 6th Amendment right. By witholding the discovery and compelling Appellant to work with counsel, however Appellant does not believe that this hearing was even recorded and that should be highly illegal. Also all in all Appellant held: The court did commit mis-conduct and errored, also the Appellant held the court violated his 6th Amendment right to act as own counsel.
Appellant also held: The court violated procedural due process
1.] Denied Appellant's opportunity to receive the discovery although he was his own counsel at this time. "Not following fair step or prodedure(s). 2.] Behaving in a dishonest manner. "Due process involves the how and what of the government's actions - 5th Amendment -

★ ISSUE 3. THE SENTENCING COURT DID ERR IN ACCEPING APPELLANT'S GUILTY PLEA.
SUPPORTING FACTS AND ARGUMENT
The court should've never gave regard to [Ex.8], why? The Agreement was void, The state sent the document to C. PURPURA, even they knew he was nolonger on the case by Jan. 3, 2023 because he was dismissed on Dec 19th, 2022. Therefore, the Agreement itself in null [having no legal power] because it was sent to a person who was off the case. The document that made the guilty plea relevant, was obtain through illegal activities. D. McLANE, C. PURPURA, MAGISTRATE JUDGE were engaged in a conspiracy to overthrow Appellant that day. "Jan. 6th 2023" [See. SAMPLE BRIEF Filed 2-15-2023] pg. 19-22]
The Agreement was inoperative, it was brought before the court through illegal activities. It's no justification for why the state sent the document to "C. PURPURA", and not Appellant. Appellant held: The court erred in accepting the Agreement, because a reasonable could would've disapproved of it, because it was and/or is void where prohibited to
                                                                                        LAW.

### 4. Relief Requested

Identify the precise action you want the Court of Appeals to take:

For the above reason(s) stated, the Appellant respectfully requests that the Judgement of the District Court be **DISMISSED** And that any other Relief as law and Justice may require.

### 5. Prior appeals (for appellants only)

A. Have you filed other cases in this court? Yes [ ] No [✓]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?

_R. Grier_
Signature
[Notarization Not Required]

RICHARD L. GRIER JR.
[Please Print Your Name Here]

### CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on 3/16th/23 I served a copy of this Informal Brief on all parties, addressed as shown below: Mrs. Patricia McLane, 36 South Charles Street Balti. MD, 21202 and Clerk of Court 1100 E. Main St, Suite 501 Richmond, Virginia 23219

_R. Grier_
Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

R. Grier #474756
14100 McMullen Hwy, SW
Cumberland MD 21502

BALTIMORE MD 212
17 MAR 2023 PM 6 L



**RECEIVED**
**U.S. MARSHALS**

To: Clerk of Court
1100 E. Main St, Suite 501
Richmond Virgina 23219

23219-353826

OUTGOING

MAR 17 2023

NBCI Inmate Mail