IN THE
UNITED STATES COURT
OF APPEAL(S) FOR THE
FOURTH CIRCUIT

CASE NO. 23-40-27
CRIMINAL NO. JKB-19-0036

RICHARD GRIER
    Appellant

v.

UNITED STATES OF AMERICA
    Appellee

Appeal from the United State(s) District Court for the District of Maryland, THE Honorable James K. Bredar, Chief [D.J]

INFORMAL REPLY BRIEF OF APPELLANT RICHARD GRIER

R. Grier
Appellant pro se

## STATEMENT OF FACT(S) AND TRUTH

See, when you know you did wrong, you try to talk your way out of it. [The state is trying to talk their way out of this] Appellant only plead guilty to avoid being tried by a secret tribunal.

Appellant made a rash decision, hoping that the Appeal(s) court would see how and why he did so. Because he was push into an unfair situation. When the court supposed to be fair to it(s) citizen(s)

## ARGUMENT

(A.) The State contention fail(s) to take into account that: As required by Rule 5(F) of the Federal Rules of Criminal Procedure, The U.S is ordered to produce all exculpatory evidence to the defendant pursuant to Brady v. Maryland and it(s) progeny. ["Brady was in prison"]

Moreover, the Sixth Amendment offer(s) a person the right to self-representation but the Judge M. Maddox force Mr. Purpura back on Appellant at the [Lafler/Frye] hearing; using him to withhold the discovery.

-1-

Ex.: "Hypothetically, If you're in a burning building and the only way out was thru an open window ... would you not go thru to save your life!"

In other word(s), GRIER did not want to work with counsel [C. PURPURA] and the only ~~way~~ way to stop that was to plead out ... to avoid being tried by the secret tribunal. This is also a [CONFLICT of INTEREST] because if GRIER don't offer and/or take a plea before JAN. 31, 2022 ... He is force to work with C. PURPURA in a [TRIAL]; As ORDERED By The Judge. [ABUSE of DISCRETION]

B.) The State contention fail(s) to take into account that when A defendant choose to become his own counsel ... He should not have to be forced back with C. PURPURA and/or Dismissed Counsel; 19 days after getting reed of him; "got it!" No where in the U.S CONSTITUTION does it say "when You COUNSEL YOURSELF IN A CRIMINAL PROCEEDING(S) you need A standby Counsel." M. MADDOX Pushed C. PURPURA BACK ON APPELLANT [MISCONDUCT]

- 2 -

(C.) The State contention fail(s) to take into account that if they never sent the docment to "C. PURPURA", then the Court cannot order him as a standby counsel nor use his presence as grounds to deny GRIER the right to the Discovery.

"GRIER, was his own counsel and needed the discovery to proceed to trial."

Here, the Judge [M. Maddox] committed misconduct and errored when it pushed the same counsel back on Appeliant using statement(s) that: "the court dont allow the discovery... to incarsrated person's" but that contridict's everything BRADY v. MARYLAND stands for.

(D.) Wolfe v. State 218 Md. 449. 146 A.2d 856 (1958) is illustrative of proper application of the "plain error Rule." In that case the accused was not represented by counsel. In attempting to assist him to make a decision as to whether he should testify or remain silent, the Judge...

-3-

IN the PRESENCE of the JURY, SAID, "If you don't testify I would think that the case which the State has made out *** would be pretty strong and substantial against you, and in support of this indictment" The Court said this not only (WAS) UNNECESSARY for the purpose intended, but such REMARK(S) could only have prejudiced RATHER THAN helped the defendant irrespective of what he thereafter did"

(E.) The State's contention fail(s) to take into account the influence of the Judge M. Maddox on the Appellant. The Judge is the central figure in the court room, having the chief responsibility of upholding the LAW. [6th Amendment]

IN other word(s), for the Judge to deny GRIER the Right to the discovery; althought he was he's own counsel prove(s) prejudice and discrimination, because on JAN. 6, 2023. M. Maddox saw No need for an active defense counsel (GRIER) to have the discovery; siding with the State well showing baisness to (GRIER).

-4-

Thereupon, created a [conflict of intrest] by using [C. PURPURA] as A standby counsel; Appellant, did at no time ASK for help of a counsel. C. PURPURA, was forced upon Appellant, the court entrapped the Appellant with C. PURPURA. And denied Appellant's Motion.

Without, the discovery GRIER on JAN. 6th 2023 was left to "MAKE A "RASH discission" ① Take the plea by signing the void argeement after being told by C. PURPURA "the Judge wont come out unless it was sign." OR ② go to trial with C. PURURA Although knowing the Court is helping the state, by withholding the discovery which is clearly UNFAIR.

(F.) The court used C. PURPURA to control or play upon by artful, unfair or insidious means espectally to one(s) adventage. Because, the moment Appellant decided to proceed prose; He was intitled to have the discovery; "24/7" in-order to proceed pro se.

If the discovery was owerwhelming, it along would have gotten a conviction, not all this underhandedness... it was exculpator

-5-

evidence they was withholding.
The Reason the state wanted the court to denied Appellant; was because of a list of [so] called witness's the state had; that could have been turn-over at the Jencks disclosure. That was not a Reason to without the Whole discovery from an Active counsel GRIER. Using C. PURPURA.

In the case at hand, the Appellant choose to proceed pro se but in-order to do so, he needed the discovery but that was being held thru Counsel, as a result, of M. MADDOX Misconduct. And Appellant did not want to work with C. PURPURA in trial.

(G.) The states fail(s) to understand that the Appellant will was overborn when the Judge pushed C. PURPURA back on Appellant.

(H.) The state fail(s) to understand that the action(s) taken to get the void and null agreement into the court Room was obtain thru illegal activities. The Court Abused it's Authority "DE FACTO" exercising power as if legally constituted.

-6-

I. The Agreement was inoperative, it was bought before the court through illegal activities, by so doing, the court used C. PURPURA presence to deny Counsel(s) GRIER's discovery Motion

Even on the Merit(s) the A.S.A want this court to Believe Appllant Voluntary plead guilty to the indictment on JAN 6, 2023, this is clearly falsehood, the preparation that lead to the plea was dishonest and violated Appellant's Constitutional Right(s) secretively. "The only way out was plea guilty and run to this court to tell on them [The lower court] And that's what the Appellant is doing, Because it was UNFAIR it was Really a SET-UP. How can he ask for help from the people whose harming him. "It was Nohelp there"

## QUESTIONS PRESENTED

1. Did the court abuse it's Discretion when it denied Appellant(s) Motion to Receive Discovery File(s)

-7-

2. Did the Court ERR AND/OR COMMIt MISCONDUCt By FORCING Appellant to Rely on the counsel, the court dismissed... IF He wanted to Review the Discovery.

3. Did The Sentencing Court ERR IN Accepting Appellant's Guilty PLEAD.

As For the MERITS of The Guilty PLEAD. All party's M. Maddox AND P. McLance had dialogue with Judge Bredar so he gave; the go Ahead For them to operative As They did.

ON Pg 51 of 12/19/22 Hearing:

All, knew they should report to the Chief District Judge BREDAR as to Appellant's Access to the Discovery.

And on JAN 6. 2023 M. Maddox did As ordered From above. Making Appellant handicap by withholding the discovery Violating BRAdy and Created A conflict of INTEREST by putting C. PURPURA Back in the GAME WITH THE VOID AND NULL Agreement. Following the illegal activities.

-8-

Judge Bredar, knew why Grier was in front of him on Jan 6th 2023 and how he got there. Still, if none of the prior event(s) happen then C. Purpura is not there to be put as a standby counsel, nor will he be there for the [Rule 11]. For the court to ask Appellant whether or not he wanted the representation of C. Purpura at sentence he knew he was not there as appointed showing and/or proving he's knowlegde of the **illegal activities**.

And after sentence Judge Bredar, told Appellant he had **14 days** to Appeal the conviction. Contridicted the term(s) of the void and null argeement he let into his court house.

Appellant never had time to read the argeement nor did Judge Bredar from the look[s] of his statement. The Appellant could only regard with relief the final words of the court which charged him in words of the utmost clarity as to what he could do within the **14 days**

The Appeal should not be dismissed but <u>Granted</u>.

-9-

The sentence judge didn't even understand the terms there-in (Ex #8) of Appellant Brief 2-15-23) Before he approved of the plea.

Appellant held: The Court erred in accepting the Agreement, because a reasonable court (such as this one) would've disapproved of it, because it was ill conceived and illegally obtain. The agreement is void where prohibited by law.

## CONCLUSION

Upon consideration of all motion(s) that have been filed by the Appellant but not limited to Appellant's <u>Sample Brief</u> filed on February 15, 2023, Appellant's <u>Informal Brief</u> filed on March 20, 2023 and Appellant's <u>Response to The District Court's Memorandum Order and Memorandum In Support</u> filed on May 4, 2023 and now this <u>Informal Reply Brief</u>

The Appellant requests that the judgement of the District Court be <u>Dismissed</u> and any other relief as law and justice require...

- 10 -

May be Granted unto him. "No person is above the law" In Jesus Name Amen

Respectfully,

R. Grier
Richard Grier, Appellant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on the 13th day of June, 2023 one copies of the forgoing brief of Richard Grier was mailed postage prepaid to:

- Clerk of Court 1100 E. Main St. Richmond Virginia 23219

- Not to Appellee because Appellant send the Real copy to the court and kept the copy made. "He can't afford them"

P.S: Can this court sent a copy to a Party's

- 11 -



Richard Grier #474750
14100 McMullen Hwy S.W
Cumberland, MD 21502

BALTIMORE MD 212
14 JUN 2023 PM 6 L

RECEIVED
U.S. MARSHALS

TO: Clerk of Court
1100 E. MAIN ST.
Richmond Virginia 23219

23219-353899

Filed: 06 Doc: 29 USCA4 Appeal: 23-4027

OUTGOING

JUN 14 2023

NBCI Inmate Mail